SUCCESSION OF PUENTE, APPELLANT, *v.* THE PEOPLE ET AL., RESPONDENTS.

## Appeal from the District Court of Ponce.

No. 898.—Decided May 23, 1913.

INHERITANCE TAX—PROCEEDINGS TO CONTEST APPRAISAL AND ASSESSMENT.—The proceeding in force for contesting the appraisal of property and assessment of inheritance taxes thereon is that established by section 374 of the Political Code, which was not repealed either expressly or impliedly by Act No. 35 of March 9, 1911.

ID.—APPEAL—PROCEEDINGS TO CONTEST APPRAISAL AND ASSESSMENT.—The appeal allowed by section 374 of the Political Code to any person or beneficiary

affected by the appraisal and assessment of inheritance taxes should be taken within 30 days from the date of the completion of said appraisal and assessment. After the lapse of said period the right to appeal granted by law shall be deemed forfeited.

TAXES—PAYMENT OF TAXES UNDER PROTEST.—In order to exercise the recourse allowed by Act No. 35 of March 9, 1911, it is necessary that the preliminary steps for the collection of the taxes shall have been taken by the proper official, that the taxes shall have been paid under protest and that the proceeding be taken on the ground that the collection of the taxes so paid under protest is unjust, unlawful or in violation of some statutory provision.

ID.—EXCESSIVE APPRAISAL—PAYMENT OF TAXES UNDER PROTEST.—The remedy provided for by Act No. 35 of March 9, 1911, is not applicable to cases where the payment of taxes is objected to on the ground that the appraisal of the property is excessive, but to cases where the collection is unlawful.

ID.—CONSTRUCTION OF LAW—BOARD OF REVIEW AND EQUALIZATION—INJUNCTION.—The effect of Act No. 35 of March 9, 1911, was not to substitute and repeal the provisions of sections 308 and 374 of the Political Code relative respectively to the Board of Review and Equalization and to appeals to the proper district court from the appraisal of the estate of inheritance and the assessment of taxes to be paid by the heirs, but to substitute and repeal expressly, as it did, the recourse allowed by the Injunction Acts of 1902 and 1906 against the illegal collection of taxes.

The facts are stated in the opinion.

*Messrs. José Tous Soto, López de Tord* and *Canales* for appellant.

*Mr. Wolcott H. Pitkin, Jr., Attorney General,* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The Succession of Lázaro Puente, composed of the brothers and nephews of the deceased, brought an action in the District Court of Ponce on April 17, 1912, against The People of Porto Rico and the Treasurer of Porto Rico for the restitution of inheritance taxes alleged to have been collected illegally. The allegations of the complaint, in brief, are as follows:

That their ancestor died in Ponce on February 23, 1908, and shortly thereafter certain individuals of the name of Amsterdam brought an action alleging that they were the acknowledged natural children of Puente and praying the court so to decree as well as to recognize their right to inherit the property left by their putative father. The suit was set-

tled by compromise on February 27, 1912, whereby the Amsterdams waived the rights they might have in the estate left by Puente and acknowledged the brothers and nephews, plaintiffs herein, to be his sole heirs.

That within the time prescribed by law Ramón Valdecilla, the judicial administrator of the estate of Puente, presented to the Treasurer of Porto Rico an inventory of the property in his possession in accordance with the statutory requirements in regard to inheritance taxes.

That on account of the different degrees of relationship existing among those claiming the inheritance estate of Puente it was not possible to assess the taxes due thereon, and that as soon as the claims were disposed of the judicial administrator applied to the Treasurer for an assessment for the purpose of paying the same.

That by reason of the steps taken by the administrator, on March 15, 1912, the Treasurer of Porto Rico ''sent an account or statement of said taxes for collection'' in which the estate was appraised at $118,939.49 and the amount of taxes fixed at $5,201.37 plus $1,603.76 as interest.

The said taxes were paid under protest by the administrator on the ground that they were excessive, (a) because they were computed on an unjust and erroneous appraisal of the estate the value of which amounted to only $81,550.80, and (b) because interest was charged for delinquency in payment while the delay was attributable to the fact that it was impossible to determine sooner who were the persons entitled to the inheritance and the relationship existing between them and the deceased.

The complaint concludes with the prayer that the defendants be ordered to refund to the plaintiff the taxes illegally collected amounting to $3,510.63, and to pay interest on said sum together with the costs of the suit.

On May 14, 1912, the defendants answered the complaint and on July 19, 1912, the defendant, Allen H. Richardson,

Treasurer of Porto Rico, by the Attorney General of the Island, filed a motion for dismissal based on the following grounds:

1. That the complaint shows on its face that it was not filed within the time prescribed by law;

2. That there was a defect of parties defendant;

3. That the court had no jurisdiction as regards the Treasurer of Porto Rico.

The District Court of Ponce held that said motion for dismissal was not authorized by our Law of Civil Procedure, but as a question was raised therein which could be considered and decided by the court even when not raised by either of the parties, it was considered and decided, as a result of which the complaint was dismissed by a judgment rendered on August 5, 1912, from which the plaintiffs have taken this appeal.

The appellants allege that "the court erred in dismissing the complaint because Act No. 35 of 1911 provided a remedy applicable to the collection or attempted collection of all taxes or revenues including inheritance taxes." The respondents maintain that Act No. 35 of 1911 is not applicable to the payment of inheritance taxes and that inasmuch as the appellants have failed to comply with the provisions of section 374 of the Political Code, they, by reason of their own negligence, are now without remedy.

There is in Porto Rico a complete revenue law which is included in the Political Code. Chapter I of Title IX of the said code governs the "assessment of property." It is composed of sections 284 to 355 inclusive and contains detailed and extensive provisions relative to the manner of assessing property subject to taxation, the rates to be applied, the mode of collecting the taxes, etc. Section 308 created a permanent Board of Review and Equalization for the purpose of revising the assessment and reassessment of real and personal property, to which board any person wronged by the

decision of the assessor with respect to the valuation of his property may make complaint within the period of 15 days after receipt of notice thereof. In accordance with the holding of this court in the case of *Guitián et al.* v. *The People of Porto Rico,* 12 P. R. R., 242, the provision of section 310 of the Political Code to the effect that the decision of the Board of Review and Equalization shall be final in all cases submitted to its consideration, debars such decisions from being reviewed by the ordinary courts on appeal, *certiorari,* or otherwise, for the reason that no jurisdiction has been conferred upon said courts for that purpose.

Chapter II of Title IX of the Political Code is composed of sections 356 to 367 and treats of excise taxes, and the third and last chapter of said title is composed of sections 368 to 383 and treats of inheritance taxes, a tax known from time immemorial and now imposed by nearly all civilized nations. See the work of C. F. Bastable on Public Finances, pp. 590–608.

The provisions of the Political Code on inheritance taxes are complete and specific. In brief, they provide that all real property within Porto Rico and any interest therein, whether belonging to inhabitants of Porto Rico or not, and all personal property belonging to inhabitants of Porto Rico which shall pass by will, by intestacy, by inheritance, or by any grant whatsoever, made or intended to take effect in possession or enjoyment after the death of the grantor to any person, association, institution, or corporation, in trust or otherwise, other than to or for the use of his wife, child, grandchild, or person legally recognized as an adopted child of the decedent, shall be subject to a tax as provided by the law, taking into consideration the degree of relationship and the amount of the inheritance, and that it shall be the duty of every administrator, executor, or trustee to notify the Treasurer of all the specified details in the manner therein set forth. They determine the manner of assessing the property

constituting the inheritance; they grant an appeal to the district court from the appraisal of the property and the assessment of the taxes; they punish as for a misdemeanor any appraiser who may take any fee or reward; they fix the manner in which the taxes shall be paid into the Treasury and the responsibility of administrators, executors, and trustees, and they provide that no court shall approve the partition of the estate of any decedent until the payment of the taxes has been proven.

We have made the foregoing reference to the Revenue Law in order to call special attention to the fact that in deciding to impose inheritance taxes the Porto Rican legislators adopted a complete and specific system which is distinct in many particulars from that adopted for the imposition and collection of other taxes.

For example, an appeal from assessments made by officers of the Government in cases of taxes on property in general lies to the Board of Review and Equalization whose decision will be final, whereas in cases of the appraisal of an estate of inheritance and the assessment of taxes thereon the appeal lies, not to the Board of Review and Equalization, but to the proper district court.

In like manner the method established by the law for the collection of taxes on property in general is different from that for the collection of inheritance taxes. When property taxes are not paid within the time prescribed by law the Government levies upon and sells the property and collects the amount due. When inheritance taxes are not paid within the time fixed by the law the district *fiscal* is required to institute the necessary legal proceedings for their recovery upon the receipt of due notice from the Treasurer.

Such was the law in Porto Rico on these subjects when said Act No. 35 was passed in 1911. In the first section thereof it is provided that when any taxes are attempted to be collected, if the person appearing to owe them should

deem the same unjust or illegal he may pay the same under protest. Section 2 provides that in such cases the taxes shall be paid into the Treasury with notice to the Treasurer that the same were paid under protest. According to section 3 the party making such payment under protest may bring action in the court of competent jurisdiction within 30 days, and said court shall decide the case and certify of record whether the taxes were wrongfully paid and ought to be refunded, and if so, the Treasurer shall refund the same immediately. The decision of the court is appealable. The fourth section provides "that there shall be no other remedy in any case of the collection of revenue, or attempt to collect revenue illegally." The fifth section provides that no writ shall issue to enjoin the collection of any revenue and that "in all cases in which for any reason, any person shall claim that the tax so collected was wrongfully or illegally collected, the remedy for said party shall be as above provided, and none other." The sixth section expressly repeals section 12 of the Act on Injunctions of 1906, and in the seventh section it is provided that the act shall take effect immediately upon its approval, or on March 9, 1911.

As will be seen from the foregoing summary of said Act No. 35, none of its provisions expressly repeal section 374 of the Political Code, which, as we have seen, is included in the provisions of the code relating to inheritance taxes and which, copied literally, reads:

"Section 374.—Within thirty days of the completion of said appraisal and assessment of taxes, any person or beneficiary affected thereby shall have the right to appeal therefrom to the district court of the district within which the estate is located on paying, or giving security to pay, all costs, together with whatever tax may have been assessed, upon the devise, bequest, legacy, grant or inheritance; and the said district court shall proceed to determine the matter as speedily as possible."

The appellants urge that even although the foregoing sec-

tion was not expressly repealed there is no doubt that it was repealed by implication by Act No. 35, which establishes the only remedy now available for the prevention of the wrongful and illegal collection of taxes.

If we review section 374 carefully, we will see that it provides for an appeal to a court of justice from the appraisal of property of inheritance and the assessment of taxes thereon. And if we consider in like manner Act No. 35 we will see that it provides for the payment of taxes under protest when any proceedings are taken for the collection thereof, and for subsequent proceedings before a court of justice to test the legality of the collection.

The purpose of the two statutes are distinct and we are of the opinion that Act No. 35 of 1911 does not repeal by implication section 374 of the Political Code. Both statutes can and should be effective in all their parts. The decisions cited in the case of *The People* v. *Axtmayer, ante* p. —— and the theory on which the decision therein was fundamentally based are invoked and applied to the decision of this case.

In order to exercise the right of appeal under section 374 of the Political Code a prior payment of the taxes assessed is not required. An appeal lies to the district court within 30 days from the conclusion of the appraisal and assessment of taxes either on paying or giving security for the payment thereof, and the said appraisal and assessment will be changed and modified if the merits of the case be shown by the interested party to warrant the same.

To exercise the right of appeal under Act No. 35 the proper official must have taken the preliminary steps for the collection of the taxes, the taxes must have been paid under protest, and the appeal must be taken on the ground that the collection of the taxes so paid under protest is unjust and illegal or made in violation of some statutory provision.

An examination of the facts alleged in the complaint discloses that when the judicial administrator in the case at bar received from the Treasurer a statement containing the ap-

praisal of the property of the Puente estate and the assessment of the taxes to be paid by the heirs, said administrator was not obliged to agree to said appraisal and assessment or to make immediate payment of the taxes assessed. If he deemed the appraisal excessive and the assessment disproportionate he had the right of appeal to the district court under the law, to secure a complete review of his claim.

This he did not do and he must suffer the consequences of his own failure to take advantage of the ample and effective remedy afforded him by law.

A careful review of the complaint shows that it is not based on the theory that the taxes levied on the Puente estate were illegal, but only that they were excessive. It is admitted from the beginning that the taxes should be paid. Furthermore, it is alleged expressly that the administrator himself took steps looking to the payment thereof. All that is objected to is the appraisal of the property, the corresponding assessment of taxes and the exacting of interest, all of which could and should have been reviewed and settled in the proceedings provided for by section 374 of the Political Code if he objected thereto.

In the case of *Basanta* v. *The People,* 7 P. R. R., 480, this court laid down the following doctrine: The appeal authorized by section 374 of the Political Code in favor of persons or beneficiaries affected by the appraisal of property and assessment of taxes to which the same refers must be taken within 30 days after such appraisal and assessment have been completed by the Treasury Department, and after the expiration of said period the right of the party to take an appeal therefrom will be deemed to have been forfeited.

From the facts alleged in the complaint it is shown that the plaintiffs failed to take advantage of the right conferred by said section 374 and that said right had become extinguished when the present action was brought. And as the said facts show also that the plaintiffs' case does not come

within the provisions of Act No. 35 of 1911, the appeal should be dismissed and the judgment appealed from affirmed.

The effect of Act No. 35 of 1911 was not really to substitute and repeal the provisions of sections 308 and 374 of the Political Code relative respectively to the Board of Review and Equalization and to appeals to the proper district court from the appraisal of the estate of inheritance and the assessment of the taxes to be paid by the heirs, but to substitute and repeal expressly, as it did, the recourse allowed by the Acts of 1902 and 1906 Injunction against the illegal collection of taxes. As we have said, in the case at bar the complaint is not based in point of fact on the illegal collection of taxes, but on the ground that the appraisement of the estate was for a greater amount than its real value and, therefore, that the taxes collected were more than should have been paid, and for the decision of these questions the law provides a proceeding which is in full force and which if not taken advantage of works as a consequence the loss of the right recognized therein.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.